UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81205-Civ-Hurley/Hopkins

JACQUELINE JEAN-LOUIS,

        Plaintiff,

v.

STEVEN GREENBERG,
THE PIZZA FACTORY, INC.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S AMENDED VERIFIED MOTION FOR ATTORNEY'S FEES AND TO TAX COSTS (DE 43)

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiff's Amended Verified Motion for Attorney's Fees and to Tax Costs Pursuant to Local Rule 7.3 to the undersigned for a Report and Recommendation.  (DEs 30, 36, 43).  Defendants have failed to respond within the allotted time, and the matter is now ripe for review.  For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Amended Verified Motion for Attorney's Fees and to Tax Costs.  (DE 43).

## BACKGROUND

In October of 2008, Plaintiff filed a complaint against Defendants alleging violations of the Fair Labor Standards Act, found at 29 U.S.C.§§ 201-219.  (DE 1).  Upon Motion by Plaintiff, the Clerk of Court entered a Default as to Defendants on April 21, 2009.  (DEs 28, 29).  On April 24, 2009, the District Court granted Plaintiff's Motions for Liquidated Damages and for Default Final Judgement as to both Defendants, and final judgment was entered accordingly.  (DEs 32, 33, 35, 37).  The District Court has denied several motions to set aside or vacate the judgment.

(DEs 39, 40, 42, 44, 48).

Upon referral of Plaintiff's Verified Motion for Attorney's Fees and to Tax Costs, (DEs 30, 36), this Court Ordered Plaintiff to show cause why the motion should not be denied for failure to comply with the Local Rules. (DE 38). Plaintiff's Amended Verified Motion for Attorney's Fees and to Tax Costs followed thereafter. (DE 43). Although Defendants were permitted to file any response by May 26, 2009, (DE 38, pg. 2), Defendants have failed to file any response to Plaintiff's Motion.

## DISCUSSION

### I.  Defendants' Failure to Respond

As noted previously, Defendants have failed to respond to Plaintiff's Motion. Therefore, Plaintiff is entitled to have the motion granted by default alone. *See* S.D. Fla. L.R. 7.1.C (April 2007) (providing that the failure to file an opposing memorandum of law within the permitted time "may be deemed sufficient cause for granting the motion by default.") *See Lopez v. Ingram Micro, Inc.*, 1997 WL 605780, *2 (S.D. Fla. Aug. 27, 1997) (granting defendant's motion for attorney's fees by default for failure to respond within the time allotted by the Federal and Local Rules, despite being ordered to do so).

However, in deciding the amounts of attorney's fees to award, courts are not permitted to be generous with the money of others. *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.") It is as much the court's duty to avoid awarding excessive fees and expenses as it is to see that an adequate fee is awarded. *See Barnes*, 168 F.3d

2

at 428.  This Court will therefore briefly examine the merits of Plaintiff's Motion.

**II.  Plaintiff's Motion for Attorney's Fees**

Plaintiff seeks an award of two thousand sixteen dollars and sixty-six cents ($2,016.66) in attorney's fees for time expended by its counsel, Jason S. Remer, Esq. ("Remer").  (DE 43, pgs. 1-5).

It is well settled that the FLSA requires courts to award costs and reasonable attorney's fees to a prevailing plaintiff.  *See* 29 U.S.C. §216(b).  In addition, the entry of a default judgment against Defendants renders Plaintiff the prevailing party.  *See Simon v. Leaderscape, LLC,* 565 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008)(where a default judgment was entered against all defendants in FLSA action, court deemed plaintiff to be the prevailing party entitled to attorney's fees and costs).  Thus, it appears that Plaintiff is entitled to recover reasonable attorney's fees and costs from the defaulting Defendants.

Turning now to the calculation the amount of fees to award, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate."  *Barnes*, 168 F.3d at 427 (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)).  This "lodestar" may then be adjusted for the results obtained.  *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).  The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).  The fee applicant bears the burden of establishing the claimed market rate.  *See Barnes*, 168 F.3d at 427.

3

In applying for attorney's fees, fee counsel are required to maintain sufficiently detailed records showing the time spent on the different claims, as well as the general subject matter of the claims, so that the district court can assess the time claimed for each activity. *See Barnes*, 168 F.3d at 427. *See also Norman*, 836 F.2d at 1303 (*citing Hensley*, 461 U.S. at 437 n. 12). "A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Norman*, 836 F.2d at 1303.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley*, 461 U.S. at 434). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301).

When responding to motions for attorney's fees, opponents are required to lodge specific objections to any requests. *See Barnes*, 168 F.3d at 427 (stating that fee opponents are required to be specific and "reasonably precise" with respect to any objections they may have); *Norman*, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.") Failing to lodge specific objections is generally deemed fatal. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (affirming decision of district court as to the claimed number of hours worked because fee opponents failed to lodge specific objections); *Scelta v. Delicatessan Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) ("[a] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal.") (*citing Gray*, 125 F.3d 1387).

**Hourly Rate**

As to the evidence required to be submitted in support of a motion for attorney's fees, our High Court has stated,

> . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate . . . Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Norman*, 836 F.2d at 1299 (*citations omitted*). Nevertheless, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303.

The court may also consider any one of the factors[1] enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to determine a reasonable hourly rate. *See Norman*, 836 F.2d at 1299-1300 (discussing applicability of the *Johnson* factors).

Remer claims an hourly rate of two hundred seventy-five dollars ($275.00). (DE 43, pgs. 1-5). In support of the claimed rate, Plaintiff notes that (1) counsel is a partner in the firm of

---

[1] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases.

Remer & Georges-Pierre, PLLC; and, (2) counsel has practiced extensively practiced in the area of labor and employment for eight (8) years and regularly represents employee-plaintiffs in Fair Labor Standards Act cases in Federal court.  (DE 43, pg. 4).  In an attempt to save costs incurred with the bringing of the instant motion, Plaintiff seeks to have the court permit it to proceed without an expert opinion as to the reasonableness of the claimed rate.  (DE 43, pg. 4).  Instead, Plaintiff asks the Court to take notice of other cases where counsel has been previously compensated at the hourly rates of two hundred seventy-five dollars ($275.00) and three hundred dollars ($300.00).  (DE 43, pg. 4).[2]

The lack of an expert affidavit in support of the claimed rate is not fatal.  After all, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Norman*, 836 F.2d at 1303.

Based on this Court's own knowledge and experience, and in light of Defendants' failure to object, this Court **RECOMMENDS** that the District Court find that the claimed hourly rate of two hundred seventy-five dollars ($275.00) is reasonable.  *See Zokaites v. 3236 NE 5th Street, Inc.*, No. 07-60670-CIV, 2009 WL 259593, *3-*4 (S.D. Fla. Feb. 4, 2009) (finding that claimed hourly rates of $295, $255, and $165.75/$185.00 were within prevailing market rates for South Florida legal community; observing that such finding was appropriate in light of the fact that the defendant did not oppose the claimed rates).

---

[2] Plaintiff cites to *Valsaint v. Taj Group Int'l et al.*, No. 04-21518-Civ-Martinez; *Malbranche v. Art Hall Protec. Srvc., Inc.*, No. 03-22726-Civ-King/O'Sullivan; *Hunter v. Nat'l Landscaping, Inc.*, No. 05-21490-Civ-Graham/O'Sullivan; *Phipps v. AGPA et al.*, No. 07-61811-Civ-Zloch, and, *Francois v. Fried Green Tomatoes, Inc.*, No. 06-60241-Civ-Altonaga.

## Reasonable Number of Hours

Plaintiff seeks to be reimbursed for a total of seven (7) hours and twenty (20) minutes. (DE 43, pg. 4).

As discussed previously, fee opponents are required to lodge their objections with specificity. *See Barnes*, 168 F.3d at 427 (stating that fee opponents are required to be specific and "reasonably precise" with respect to any objections they may have); *Norman*, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.") Failing to lodge specific objections is generally deemed fatal. *See Gray*, 125 F.3d at 1389 (affirming decision of district court as to the claimed number of hours worked because fee opponents failed to lodge specific objections); *Scelta*, 203 F. Supp. 2d at 1333 ("[a] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal.") (*citing Gray*, 125 F.3d 1387).

After reviewing counsel's billing records, this Court concludes that the time was reasonably expended.  (DE 43, pg. 9).  Therefore, in light of the reasonableness of the hours expended, and Defendants' failure to object, this Court **RECOMMENDS** that the District Court compensate Plaintiff for all hours claimed.  *See Gray*, 125 F.3d at 1389 (affirming decision of district court as to the claimed number of hours because fee opponents failed to lodge specific objections); *Scelta*, 203 F. Supp. 2d at 1333 (accepting all billing entries not properly objected to).

## Calculation of the Attorney's Fee Award

In light of the foregoing, this Court **RECOMMENDS** that the District Court calculate

Plaintiff's award of attorney's fees as follows:

$275.00 x 7 hours, 20 minutes (7 and 1/3 hours) = $2,016.66

### III.  Plaintiff's Motion for Award of Costs

Plaintiff also seeks an award of four hundred five dollars ($405.00) in costs.  (DE 43, pgs. 2, 5-6).

Under the Federal Rules, prevailing parties[3] are entitled to recover costs as a matter of course unless otherwise directed by the court or statute.  *See* Fed. R. Civ. P. 54(d)(1) (2009). However, courts may only tax costs as authorized by statute.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000), *reh'g and reh'g en banc denied*, 233 F.3d 580 (11th Cir. 2000) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).  This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> ****

---

[3]  At page 3 of the instant Report and Recommendation, this Court noted that Plaintiff appears to be the prevailing party for purposes of this Motion.  *See Simon,* 565 F. Supp. 2d at 1334(where a default judgment was entered against all defendants in FLSA action, court deemed plaintiff to be the prevailing party entitled to attorney's fees and costs).

28 U.S.C. § 1920 (2009).

Where a party challenges the costs requested, the burden lies with the challenging party. *See EEOC*, 213 F.3d at 621 (finding that challenging party did not demonstrate that any portion of the depositions were not "related to an issue which was present in the case at the time the deposition was taken.")  *See also Ferguson v. Bombardier Srvcs. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007) (*consolidated case*) (observing that the burden lies with the losing party, unless knowledge of the requested cost is within the exclusive knowledge of the requesting party) (*citing Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n. 1 (M.D. Fla. 1989), *aff'd sub nom. Desisto College, Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990), *not followed on other grounds by EEOC*, 213 F.3d 600).

**Filing Fee**

Plaintiff seeks to recover three hundred and fifty dollars ($350.00) for the cost of the filing fee.  (DE 43, pg. 6).  Fees paid to the Clerk of Court may be taxed.  *See* 28 U.S.C. § 1920(1) (2009); *EEOC*, 213 F.3d at 623 (*citing* 28 U.S.C § 1920(1)).  Although Plaintiff has offered no evidence, such as an invoice, receipt or cancelled check, to show that it paid the filing fee, (DE 43), the docket shows that Plaintiff paid the three  hundred and fifty dollar ($350.00) filing fee at the time the complaint was filed.  (DE 1, pg. 12).  In light of Defendants' failure to object to Plaintiff's Motion, this Court **RECOMMENDS** that the District Court award Plaintiff three hundred and fifty dollars ($350.00) as requested.  (DE 43).  *See EEOC*, 213 F.3d at 621 (finding that the district court did not abuse its discretion by awarding costs where the request was unchallenged).

9

**Costs for Service of Process**

Plaintiff also seeks to recover fifty-five dollars ($55.00) in connection with service of process. (DE 43, pg. 6). Such costs are permitted by statute. *See EEOC*, 213 F.3d at 624; 28 U.S.C. § 1921(a)(1)(B), (G), (H) (2009) (providing that the court may tax as costs fees of the marshal for serving subpoenas for witnesses, and that the court may tax as costs necessary travel, including mileage, and overtime expenses incurred by deputy marshals in the course of serving civil process). Plaintiff's invoice shows that on October 20, 2008, it paid fifty-five dollars ($55.00) for service on Defendant Steven Greenberg. (DE 43, pg. 10). In light of Defendants' failure to object to such request, this Court **RECOMMENDS** that the District Court award Plaintiff fifty-five dollars ($55.00) as requested. (DE 43). *See EEOC*, 213 F.3d at 621.

## RECOMMENDATION TO THE DISTRICT COURT

In conclusion, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Amended Verified Motion for Attorney's Fees and to Tax Costs, and award Plaintiff two thousand sixteen dollars and sixty-six cents ($2,016.66) in attorney's fees, and four hundred five dollars ($405.00) in costs. (DE 43).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348

(11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED**  this 29 day of September, 2009, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
Counsel of Record

11